UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JAMIE CHARLES VAN DUINEN, *fdba* JVD
ENTERPRISES,

      Debtor.

_____/

Case No. DG 22-01427-swd
Chapter 7
Hon. Scott W. Dales

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

On November 11, 2022, creditor Cadlerock Joint Venture, L.P. ("Cadlerock") filed a Motion for FRBP 2004 Examination (ECF No. 45, the "Examination Motion"), and a Motion to Extend Deadline to Object to Dischargeability (ECF No. 44, the "Extension Motion"), using the court's "notice and opportunity to object" procedure prescribed in LBR 9013(c). The Debtor timely filed a response to each motion (ECF Nos. 49 and 50), and the court held a hearing on both motions on December 21, 2022, in Grand Rapids, Michigan.

Counsel for Cadlerock and the Debtor appeared at the hearing and offered arguments. Neither party offered evidence. At the hearing's conclusion, the court took the motions under advisement. For the following reasons, the court will deny both motions.

Both motions require the moving party to establish cause. *See, e.g.*, Fed. R. Bankr. P. 4004(b)(1) (authorizing the court "for cause" to extend time to file a complaint to object to discharge); *McDermott v. St. George (In re St. George)*, Nos. 16-8017/8018, 2017 WL 1379321 (B.A.P. 6th Cir. 2017) (setting forth factors for determining whether cause exists to enlarge the deadline under Rule 4004); *In re Davis*, 452 B.R. 610 (Bankr. E.D. Mich. 2011) (party seeking examination under Rule 2004 must establish cause for the examination).

A cursory review of the Examination Motion reveals a perfunctory request without any justification included within the four corners of that document.

As for the Extension Motion, Debtor's counsel correctly noted in his opposition, and again at oral argument, that Cadlerock similarly made no showing of cause, either in its moving papers or during the hearing. Indeed, neither motion offers an evidentiary predicate for the relief requested. *See* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."); Fed. R. Bankr. P. 9017 (incorporating Rule 43).

Cadlerock's statement that "[a] number of inconsistencies appeared between Debtor's answers at the 341 exam, his schedules and the documents possessed by Cadlerock"[1] is the closest the creditor ever comes to suggesting cause but is not meaningfully different from the half-hearted rationale the United States Trustee offered (and our Sixth Circuit Bankruptcy Appellate Panel rejected) in the *St. George* case, *supra*. Indeed, at oral argument, Cadlerock's counsel candidly conceded that most of the factors identified in *St. George* as guiding a decision to extend the deadline under Rule 4004(b)[2] favor the Debtor rather than Cadlerock. The court notes, for example, that filing the Extension Motion three days before the deadline, despite knowledge of the deadline, though not dispositive, nevertheless suggests a lack of diligence. More generally, the barebones statements in the Extension Motion, which counsel in no way embellished at the hearing, do not persuade the court that this individual debtor's chapter 7 case is complex, even if he operated a limited liability company or companies prepetition.

---

[1] Extension Motion at p. 1. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence.").

[2] The *St. George* factors include (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues. *St. George,* 2017 WL 1379321 at *4.

The court concludes that there is no cause to grant either motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Extension Motion (ECF No. 44) and the Examination Motion (ECF No.  45) are both DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order upon the Debtor, Michael Patrick Hanrahan, Esq., Kevin T. Kavanaugh, Esq., Thomas A. Bruinsma, chapter 7 trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 22, 2022**



Scott W. Dales
United States Bankruptcy Judge